[684 NYS2d 293]

In the Matter of ROBERT D. SCHULMAN (Admitted as ROBERT DANIEL SCHULMAN), an Attorney, Resignor.

Second Department, January 25, 1999

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for Grievance Committee for the Ninth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Robert D. Schulman has submitted an affidavit dated

September 25, 1998, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Schulman was admitted to the practice of law by the Appellate Division of the Supreme Court in the Second Judicial Department on April 25, 1967, under the name Robert Daniel Schulman.

Mr. Schulman avers that his resignation is voluntary, free from coercion and duress, and submitted with a full awareness of the implications of its submission. After a trial in July 1998 in the United States District Court for the Southern District of New York, he was found guilty of conspiracy to commit wire fraud and commercial bribery in violation of 18 USC § 371. That offense constitutes a Federal felony and is, therefore, a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b). Additionally, he pleaded guilty to a prior count of conspiracy to commit wire fraud, in or about December 1993, in the Federal District Court of New Jersey. In that matter, he was sentenced to five years' probation and required to pay restitution in the amount of $25,000. He failed to file a record of his prior conviction in accordance with the requirements of Judiciary Law § 90 (4) (c).

Mr. Schulman acknowledged his awareness of a pending investigation by the Grievance Committee for the Ninth Judicial District into allegations that he failed to maintain a duly constituted escrow account in accordance with the requirements of the Code of Professional Responsibility. He further acknowledged that he could not successfully defend himself on the merits against any charges predicated on this misconduct.

Mr. Schulman is aware that in any order permitting him to resign, the Appellate Division could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection. He acknowledged that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he specifically waived the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as Mr. Schulman's resignation comports with the pertinent Court rules, it is accepted; Mr. Schulman is disbarred, and his name stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., BRACKEN, MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the resignation of Robert D. Schulman is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert D. Schulman is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Robert D. Schulman shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert D. Schulman is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.